# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jason Robert Pederson,<br><br>  Plaintiff,<br><br>vs.<br><br>John Deere Electronic Solutions,<br><br>  Defendant. | Case No. 3:20-cv-51-ARS<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

Defendant John Deere Electronic Solutions ("John Deere" and/or "Defendant"), for its timely Answer to Plaintiff's Complaint, denies each and every allegation set forth in Plaintiff's Complaint except as specifically admitted, qualified, explained, clarified, or otherwise pleaded, and specifically answers:

## I. PARTIES[1]

A. Upon information and belief, Defendant admits the allegations in Paragraph I(A) of Plaintiff's Complaint regarding Plaintiff's residency.

B. Defendant admits the allegations in Paragraph I(B) of Plaintiff's Complaint regarding Defendant's address.

C. Defendant admits the allegations in Paragraph I(C) of Plaintiff's Complaint regarding Plaintiff's place of employment with Defendant.

---

[1] Defendant's Answer is formatted to correspond to the format of Plaintiff's Complaint.

## II. BASIS FOR JURISDICTION

D.     The allegations in Paragraph II of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to bring an employment discrimination action under Title VII of the Civil Rights Act of 1964, but Defendant denies any allegations of liability.

## III. STATEMENT OF CLAIM

A.     Defendant denies the allegations in Paragraph III(A) of Plaintiff's Complaint.

B.     Defendant denies the allegations in Paragraph III(B) of Plaintiff's Complaint.

C.     Defendant denies the allegations in Paragraph III(C) of Plaintiff's Complaint and states that Defendant never committed any purported discriminatory or retaliatory acts towards Plaintiff.

D.     Defendant denies the allegations in Paragraph III(D) of Plaintiff's Complaint.

E.     Defendant denies the allegations in Paragraph III(E) of Plaintiff's Complaint. Further answering, Defendant denies the allegations in the first sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "HR had a history of harrasment [sic] on the basis of sex." Defendant denies the allegations in the second sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "I was informed by my supervisor I met all of the minimum requirements of the position." Defendant denies the allegations

in the third sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "The other internal candidate did not meet the minimum 1 year required experience, in addition they had a worse attendance record and less time at the company," except Defendant states the other internal candidate had less seniority than Plaintiff. Defendant denies the allegations in the fifth sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "HR refused to talk to be [sic] about them creating an unhealthy work enviroment [sic] unless I was willing to delete a recording." Defendant denies the allegations in the fifth sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "Reports were falsified against me and upon questioning they refused to provide specifics as to what they claimed I had done. A supervisor informed me he believed it was because of the report with HR." Defendant denies the allegations in the sixth sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "initial reason given for termination: In the future my supervisor could give me a task I would be unable to do due to discrimination and retaliation." Defendant denies the allegations in the seventh sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "2nd reason for termination given at a later date: refusal to work/ insubordination," except Defendant states Plaintiff was terminated as a result of her continued refusal to perform her job despite her supervisor's requests to do her job as required. Defendant denies the allegations in the eighth sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "They have refused to give any details about what I supposedly refused to do." Defendant denies the allegations in the ninth sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "HR denied the required information to take part in their appeal proccess [sic] for termination."

Defendant denies the allegations in the tenth sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "No investigation or other form of resolution was ever completed in regards to the reported discrimination." Defendant denies the allegations in the eleventh sentence of Paragraph III(E) of Plaintiff's Complaint, which states, "The defendant had a point based attendance policy," except Defendant states it has an attendance policy which speaks for itself.

### IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

A. Defendant admits only that Plaintiff filed a charge with the Equal Employment Opportunity Commission, but Defendant lacks sufficient information to admit or deny the allegations in Paragraph IV(A) of Plaintiff's Complaint regarding Plaintiff's "best recollection" of when it was filed.

B. Defendant admits only that the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, but Defendant lacks sufficient information to admit or deny the allegations in Paragraph IV(B) of Plaintiff's Complaint regarding the date on which Plaintiff "received" it.

### V. RELIEF

A. Defendant denies the allegations in Paragraph V of Plaintiff's Complaint and further denies Plaintiff's entitlement to any of the alleged relief sought.

### VI. CERTIFICATION AND CLOSING

A. The allegations in Paragraph VI of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required,

Defendant denies any allegations of liability and denies that the Complaint is supported by existing law.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering, Defendant asserts the following affirmative and other defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted, including but not limited to failing to state a claim for discrimination, failure to promote, or retaliation under Title VII of the Civil Rights Act of 1964. More specifically, Plaintiff cannot prove all necessary elements of her claims, nor does her Complaint state facts sufficient to state a claim that would support an award of actual, compensatory, statutory, or other damages against Defendant.

2. Plaintiff has failed to mitigate or make reasonable efforts to mitigate her alleged damages, and Plaintiff's recovery of damages, if any, must be barred or reduced accordingly. Any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits and benefits, regardless of form, received by Plaintiff or which were earnable or receivable with the exercise of reasonable diligence by Plaintiff.

3. The Complaint, and each of its causes of action, is barred in whole or in part because Defendant had an honest, good-faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

4. Plaintiff's Complaint fails, in whole or in part, because Plaintiff cannot prove a *prima facie* case and cannot show pretext. Further, Plaintiff cannot show

causation, including that Plaintiff cannot show that discrimination was the "because of" or "but-for" reason for Defendant's actions.

5. Plaintiff's Complaint fails, in whole or in part, because Plaintiff failed to engage in protected conduct and Plaintiff lacks causation evidence.

6. Plaintiff's Complaint fails, in whole or in part, because Defendant acted in good faith, upon proper occasion and with proper motive. Defendant's conduct with respect to Plaintiff was based on legitimate, non-discriminatory, non-retaliatory reasons, and was not in violation of Title VII of the Civil Rights Act of 1964, or any other statute, law, rule, regulation or ordinance. Moreover, the same employment decisions would have been reached regarding Plaintiff for legitimate reasons unrelated to any protected category or conduct. No action taken by Defendant with respect to Plaintiff was unlawful and/or willful as a matter of law.

7. Plaintiff's claims are barred by the business judgment rule. Additionally, Defendant had legitimate, non-discriminatory and non-retaliatory business reasons for all actions taken.

8. The extent to which the Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by the Rules of Civil Procedure, cannot be determined at this time without the benefit of additional discovery. Thus, as separate and affirmative defenses to the Complaint, Defendant reserves its right to assert all affirmative and other defenses as appropriate.

## **RELIEF REQUESTED**

**WHEREFORE**, having responded to the allegations in Plaintiff's Complaint, Defendant requests that the Court enter an Order:

A.  Dismissing Plaintiff's Complaint in its entirety, with prejudice, and awarding Defendant its costs and expenses, including reasonable attorney's fees; and

B.  Awarding Defendant such other relief as the Court deems just and proper.

Dated:  June 12, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.

*s/Brian A. Moen*
Cynthia A. Bremer, #05552
Brian A. Moen, #09182
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612.339.1818
Fax:  612.339.0061
cynthia.bremer@ogletree.com
brian.moen@ogletree.com
***Attorneys for Defendant John Deere Electronic Solutions***

43106373.1